UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Martha E. Callahan, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| v. | ) | |
| | ) | |
| Experian Information | ) | |
| Solutions, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, MARTHA E. CALLAHAN, by and through her attorneys, the University of Illinois College of Law Community Preservation Clinic, and brings this Complaint against Defendant, Experian Information Solutions, Inc., and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*.

### PARTIES

2. Plaintiff, Martha Callahan, and her husband Edward Callahan are homeowners with a residence in Bloomington, Illinois.

3. Mrs. Callahan is a natural person and a "consumer" as defined in 15 U.S.C. § 1681a(c).

4. Experian Information Solutions, Inc. ("Experian") is a corporation with an office in Schaumburg, Illinois, within the Northern District of Illinois.

5. Defendant is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

6. Defendant regularly, and in the course of its ordinary business, disburses consumer reports to third parties for monetary compensation.

## JURISDICTION

7. This action is brought under 15 U.S.C. § 1681 *et seq.*, and thus the district courts of the United States have subject matter jurisdiction.

8. An action under Title 15, Chapter 41, Subchapter III of the United States Code may be brought "in any appropriate United States district court, without regard to the amount in controversy." 15 U.S.C. § 1681p.

9. Defendant conducts significant business and has significant contacts in the Northern District of Illinois, and thus venue is proper pursuant to 12 U.S.C. § 1391(d).

## COUNT 1
### Defendant's Violations of the Fair Credit Reporting Act
### 15 U.S.C. § 1681 *et seq.*

10. Plaintiff Martha Callahan and her husband, Edward Callahan (collectively, "the Callahans") have a mortgage with Household Finance Corporation III ("HFC III") that originated on September 25, 2003, when the Callahans refinanced their home.

11. For the purposes of this Complaint, "HFC III" shall refer to 'Household Finance Corporation III', as well as the related companies HSBC Finance Corporation and HSBC Holdings Corporation who, on information and belief, are

2

involved in the facts alleged here in a similar way to Household Finance Corporation III.

12. In 2010, the Callahans filed for Chapter 7 bankruptcy but reaffirmed their mortgage debt and continued making payments.

13. The Callahans now, and at all relevant times, make their mortgage payments through an automatic withdrawal from their bank account. These automatic withdrawals, which have been effective at all relevant times through the present, cover the full monthly amount due on the mortgage.

14. This automatic withdrawal is still, to this day, taken out of the Callahans bank account every month. The Callahans have not missed a mortgage payment.

15. In or about September 2013, HFC III first misapplied the Callahan's monthly payment. Despite the Callahans having the monthly mortgage payment automatically withdrawn from their account, HFC III processed the Callahans' timely mortgage payments as "unapplied funds," and the payments were not properly posted to the Callahans' account.

16. HFC III continued to incorrectly record the Callahans' timely payments.

17. Defendant reported Mrs. Callahan as 30 days delinquent in December 2013 for the HFC III account (listed under "HSBC/Household Finance Corp"). It also reported "no data" for January 2014 through June 2014, where there was no record of the amount paid or balance.

18. Prior to December 2013, Mrs. Callahan was reported as current on the account.

19. As of November 11, 2014, Mrs. Callahan's credit report still showed a 30-day delinquency record for the HFC III account in December 2013. It also reported "no data" information for January 2014 through June 2014.

20. On November 11, 2014, Mrs. Callahan filed an online dispute with Defendant to dispute information on her credit report, including the 30-day delinquent report for December 2013 and "no data" for January 2014 to June 2014.

21. On or about November 20, 2014, Mrs. Callahan sent a letter to Defendant to dispute the inaccurate information on her credit report, including the 30-day delinquent report for December 2013 and no data for January 2014 to June 2014. This letter is attached as Exhibit 1.

22. With her dispute letter, Mrs. Callahan included a copy of a letter from HFC III (dated August 1, 2014) which admitted that it had misreported the Callahans as delinquent and stated that HFC III was instructing credit reporting agencies to correct the error. This letter is attached as Exhibit 2.

23. Instead of correcting the disputed information using the letter from HFC III or deleting only the disputed items, Defendant deleted the entire HFC III account from Mrs. Callahan's credit report. Mrs. Callahan's timely payments for the entire duration of the loan were deleted.

24. Mrs. Callahan received a report from Defendant, dated December 16, 2014, which said that Household Finance account was "Deleted." This report is attached as Exhibit 3.

25. On or about July 16, 2015, Mrs. Callahan sent a second letter to Defendant,

4

demanding that her credit file be investigated and that her account be restored to reflect the fact that she had made timely mortgage payments for the entire duration of the loan. She also requested a copy of her credit report to be provided to her. This letter is attached as Exhibit 4.

26. Mrs. Callahan received a response from Defendant, dated July 28, 2015, which stated "other items disputed are not currently displaying on your personal credit report." The letter is attached as Exhibit 5.

27. On or about October 5, 2015, Mrs. Callahan sent another dispute letter to Defendant requesting that her file be corrected to reflect that she made timely mortgage payments since the loan originated in 2003. Mrs. Callahan also requested that Defendant provide her with a copy of her credit file. A copy of this letter is attached as Exhibit 6.

28. Mrs. Callahan received a response from defendant, dated October 19, 2015, which stated "other items disputed are not currently displaying on your personal credit report." A copy of the letter is attached as Exhibit 7.

29. Since Defendant deleted Mrs. Callahan's HFC III account from her credit report, Mrs. Callahan has applied for extensions of credit, but was denied, due in whole or in part to the misreporting of the HFC III account on her credit file by unjustifiably deleting her years of timely payments.

30. During this period, Mrs. Callahan's insurance rates rose, due in whole or in part to the deletion of the entire HFC III account on her credit file.

31. To date, Defendant has not restored the Callahans' over twelve years of

timely mortgage payments to their credit report.

32.     Tellingly, during this period of time, Innovis, another credit reporting agency, also initially deleted HFC III's entire account from Mrs. Callahans' credit report. However, after Mrs. Callahan disputed this deletion, Innovis amended the report to show that Mrs. Callahan was never past due on her mortgage payments.

33.     The Fair Credit Reporting Act (the "FCRA") states that "[t]he banking system is dependent upon fair and accurate credit reporting." 15 U.S.C. § 1681(a).

34.     When preparing a consumer report, consumer reporting agencies "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

35.     "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5) . . .." 15 U.S.C. § 1681i(a)(1)(A) ("paragraph (1)").

36.     Paragraph (5) of 15 U.S.C. § 1681i(a) states that "[i]f, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall … (i) promptly delete that item of information from the file of the consumer, *or* modify that item of information*, as appropriate*,

based on the results of the reinvestigation." 15 U.S.C. § 1681i(a)(5)(A) (emphasis added).

37. "A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation." 15 U.S.C. § 1681i(a)(6)(A). As part of this notice, the consumer reporting agency shall also provide "a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation." 15 U.S.C. § 1681i(a)(6)(B)(ii).

38. Defendant failed to follow reasonable procedures to assure maximum possible accuracy of Mrs. Callahan's credit report in violation of 15 U.S.C. § 1681e(b) when, in response to the first dispute letter, it deleted the HFC III account in its entirety instead of correcting or deleting the disputed items and when it failed to reinstate the HFC III account after two additional dispute letters.

39. Defendant's failure to follow reasonable procedures to assure the accuracy of Mrs. Callahan's credit report caused her actual damages, including loss of credit, damage to reputation, embarrassment, emotional hardship manifesting itself in physical symptoms, and the wasting of numerous hours trying to correct the problem.

40. Defendant's failure to follow reasonable procedures was willful. It was notified of the errors on three occasions and did not correct and restore the account. The willful failure to follow reasonable procedures makes Defendant liable for punitive damages under 15 U.S.C. § 1681n. In the alternative, Defendant was

negligent in failing to maintain reasonable procedures, making it liable for damages under 15 U.S.C. § 1681o.

41. Defendant failed to review and consider the relevant information submitted by Mrs. Callahan in dispute of the inaccurate information on her credit report in violation of 15 U.S.C. § 1681i(a)(4).

42. Defendant's failure to review the information submitted by Mrs. Callahan in dispute of items on her credit report caused her actual damages, including loss of credit, damage to reputation, embarrassment, and wasting numerous hours trying to correct the problem.

43. Defendant's failure to review and consider the information submitted by Mrs. Callahan was willful, making it liable for punitive damages under 15 U.S.C. § 1681n. In the alternative, Defendant was negligent in failing to appropriately review and consider information submitted by Mrs. Callahan, making it liable for damages under 15 U.S.C. § 1681o.

44. Defendant violated 15 U.S.C. § 1681i(a)(5) when it failed to take the *appropriate* measure of modifying the disputed information in Mrs. Callahan's credit file when it received information showing its reporting was inaccurate.

45. Defendant's failure to appropriately respond to the credit disputes, by failing to appropriately modify Mrs. Callahan's credit report, caused her actual damages, including loss of credit, damage to reputation, embarrassment, and wasting numerous hours trying to correct the problem.

46. Defendant's failure to appropriately respond to credit disputes, by failing to

appropriately modify Mrs. Callahan's credit report, was willful, making it liable for punitive damages under 15 U.S.C. § 1681n. In the alternative, Defendant was negligent in failing to appropriately modify Mrs. Callahan's credit report, making it liable for damages under 15 U.S.C. § 1681o.

47. Defendant thus failed to comply with the FCRA by, including but not limited to, the following: (1) failing to follow reasonable procedures to ensure the accuracy of Mrs. Callahan's account even after Mrs. Callahan sent Defendant three dispute letters and evidence from HFC III to support Mrs. Callahan's claim; (2) failing to review and consider the three dispute letters submitted by Mrs. Callahan and the letter from HFC III supporting her claim; (3) failing to take the appropriate measure of modifying Mrs. Callahan's account after it was notified of its inaccuracy by Mrs. Callahan and HFC III; (4) retaliating against Mrs. Callahan by deleting and refusing to report years of timely mortgage payments in response to Mrs. Callahan exercising her statutory right to dispute inaccurate and incomplete reporting.

48. As a result of the numerous violations under the Fair Credit Reporting Act, Mrs. Callahan is entitled to actual damages, punitive damages, attorney's fees, and costs under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

  A. Actual damages under § 1681n or, in the alternative, § 1681o;
  B. Punitive damages under § 1681n;

C. Attorneys' fees and costs under § 1681n and § 1681o; and

C. Any other relief that the Court deems just.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

/s/Eric Sirota

Stacey Tutt, Supervising Attorney
Eric Sirota, Supervising Attorney
Brett Newman, Senior Law Student
Community Preservation Clinic
University of Illinois College of Law
504 East Pennsylvania Avenue
Champaign, IL 61820
Telephone: 217-244-9494
Fax: 217- 333-5775
Email: clinics@law.illinois.edu